UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENNAN'S, INC AND TJO, INC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-6043** |
| **OWEN E. "PIP" BRENNAN AND B.3.G., L.L.C.** | **SECTION: "C"** |

## ORDER AND REASONS

Before this Court is a Motion to Remand filed by Plaintiffs, Brennan's Inc. ("Brennan's") and TJO, Inc. ("TJO" collectively, "Plaintiffs") (Rec. Doc. 2). Defendants, Owen E. "Pip" Brennan ("Pip") and B.3.G., L.L.C. ("B.3.G." collectively "Defendants") oppose the motion. The motion is before the court on briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is **GRANTED**.

## I. BACKGROUND

Brennan's was issued the trademark "Owen Brennan's" for restaurant service on December 1, 1992. On March 29, 2005, Pip, a one-third shareholder in Brennan's, allegedly executed an assignment that purportedly transferred the Owen Brennan's mark to B.3.G., a company owned by his sons, Blake and Clark Brennan ("Blake" and "Clark"). At the same time, Pip, a one-third shareholder of TJO, purportedly transferred TJO's rights in the Owen Brennan's

mark to B.3.G.. Brennan's and TJO claim that Pip's assignments of the mark were invalid. The Plaintiffs also claim that Pip's purported assignments to B.3.G. violated Louisiana law, alleging that B.3.G. was not a legal entity on the date of the alleged transfer. Furthermore, Plaintiffs claim that Pip contravened his fiduciary duties to Brennan's and TJO by withholding knowledge that Blake and Clark intended to resign their employments at Brennan's, open their own restaurant and to utilize the Owen Brennan's mark.

On August 10, 2006, Plaintiffs filed this action in the Civil District Court for the Parish of Orleans, State of Louisiana. The petition seeks a declaration that: (1) Pip's purported assignment of the Owen Brennan's mark are null for lack of authority; (2) Pip's purported assignments of the License Agreement and other rights on behalf of TJO is null for lack of authority; and (3) the assignments are without effect because B.3.G. did not have a legal existence at the time of the assignments. Plaintiffs' petition also requests damages for Pip's allegedly unauthorized assignments and breach of his fiduciary duties of loyalty and care to Brennan's and TJO.

Defendants removed the case to this Court alleging federal question jurisdiction. Specifically, they claim that Plaintiffs' causes of action arise under 28 U.S.C. § 1338, because they allege improper assignment, use and recordation of federal trademarks registered under the Lanham Act and used in interstate commerce. Plaintiffs disagree that federal question jurisdiction exists and filed this motion to remand.

## II. ANALYSIS

Any civil action may be removed from state court to federal court if it is proven that the

federal court has original jurisdiction. *See,* 28 U.S.C. § 1441 (2006). In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *See, De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). To do so, the removing party must show that federal jurisdiction appears on the face of the complaint. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). The court must examine the plaintiff's claims under the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the facts of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 118 S.Ct. 921, 924, 139 L.Ed.2d 912 (1998). However, a plaintiff may choose not to plead federal claims in order to prevent removal, because the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar v. Williams*, 482 U.S. 396, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Federal courts have jurisdiction over trademark claims. See, 28 U.S.C. § 1338. However, this jurisdiction is not exclusive original jurisdiction. See, 28 U.S.C. § 1338; *Johnson v. Tuff-n-Rumble Mgt, Inc., et. al.*, 2002 WL 31819167, *4 (E.D.La. 2002) (internal citations omitted). A plaintiff can choose any one of three types of trademark actions. *Johnson*, 2002 WL 31819167 at *4. These actions include: (1) a state common law trademark infringement suit; (2) a state law unfair competition suit; or (3) a federal law trademark infringement suit. *Id.* Thus, when a plaintiff does not state that he is seeking relief under the Lanham Act in his well-pleaded complaint, removal is improper. *Id.* (citing *Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 963 (2nd Cir. 1981); *1st Nat'l Reserve v. Vaughn*, 931 F.Supp. 463, 465 (E.D.Tex.1996); *Johnny's Pizza House, Inc. v. G&H Properties, Inc.*, 524 F.Supp. 495, 497 (W.D.La. 1981)).

Furthermore, courts have held that the tracking of Lanham Act language does not necessitate federal jurisdiction. *Id.* (citing *Gateway 2000, Inc. v. Cyrix Corp.*, 942 F.Supp. 985, 993 (E.D.Pa. 1996); *1st Nat'l Reserve v. Vaughn*, 931 F.Supp. 463, 467-68 (E.D.Tex.1996).

Here, the Defendants assert that Plaintiffs' well-pleaded complaint alleges a federal question. Specifically, they claim that the Plaintiffs intend to bring claims for violation of the Lanham Act. As proof, Defendants cite cease and desist letters concerning the Brennan Brother's mark issued to them by Plaintiffs which referenced the Lanham Act.[1] Plaintiffs, on the other hand, argue that this case is not about the Lanham Act or trademark infringement, but rather, Pip's allegedly unauthorized assignment of the Owen Brennan's mark.

This Court agrees with the Plaintiffs. In their state court petition, Plaintiffs ask for declaratory and monetary relief from Pip's allegedly unauthorized assignment of the Owen Brennan's mark. They state claims under state law concerning the validity of the assignments of the mark, rights to the mark, Pip's alleged breaches of fiduciary duty and Louisiana business entities law. Plaintiffs only mention the United States Patent and Trademark Office in passing when they state that they were unaware of the assignment and recordation of the mark. See, State Court Petition, paragraph 31. Nowhere do Plaintiffs state a claim for trademark infringement under the Lanham Act. Instead they seek relief concerning the alleged unauthorized assignment of the Owen Brennan's mark. Furthermore, even if the Plaintiffs' state court petition tracked the Lanham Act, federal jurisdiction is not necessary.

---

[1] "Brennan Brother's" is another trademark that Blake and Clark tried to register with the United States Patent and Trademark Office. They supposedly intended to use it in connection with the restaurant that they want to open together. See, State Court Petition, paragraph 31.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiffs' Motion to Remand is **GRANTED.**

IT IS FURTHER ORDERED that Plaintiffs' request for costs, expenses and attorneys' fees is **DENIED**.

New Orleans, Louisiana, this 30th day of October, 2006.

                                                                                    _____
                                                                                    HELEN G. BERRIGAN
                                                                                    UNITED STATES DISTRICT JUDGE